UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| *In re:*<br><br>**Louis M Borek,**<br><br><br>Debtor. | **MOTION FOR RELIEF FROM AUTOMATIC STAY**<br><br>Chapter 7<br>Case No. 1-16-42540-ess<br><br>HON. ELIZABETH S. STONG |

## MOTION FOR RELIEF FROM AUTOMATIC STAY

OCWEN LOAN SERVICING, LLC as servicer for U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR RESIDENTIAL FUNDING MORTGAGE SECURITIES I, INC., MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-SA3 (hereinafter "Movant"), a secured creditor of the above-named Debtor, moves the above-entitled Court for an Order granting relief from the automatic stay pursuant to 11 U.S.C. §§362(d)(1) and (d)(2) to permit it to proceed with an action to foreclose its mortgage on certain real property of the Debtor, commonly known as 204 Centre Island Road, Centre Island, New York 11771, and more particularly described in a copy of a mortgage annexed hereto and made a part hereof as Exhibit "A." As grounds for said Motion, it is hereby alleged as follows:

1.      On June 28, 2006, Debtor, borrowed $3,000,000.00 from GMAC Mortgage Corporation. The indebtedness was evidenced by a note, which was secured by a mortgage on the aforesaid real property. The mortgage was held by Mortgage Electronic Registration Systems, Inc. as nominee for GMAC Mortgage Corporation. The mortgage was later assigned from MERS as nominee for GMAC Mortgage Corporation. The indebtedness was evidenced by a note, which was secured by a mortgage on the aforesaid real property. See attached Exhibit

"A," which is incorporated by reference. The loan was later assigned to Movant. A copy of said assignment is annexed hereto and made a part hereof as Exhibit "B". The loan is serviced by Ocwen Loan Servicing, LLC. As servicing agent Ocwen Loan Servicing, LLC accepts payments and maintains loan records.

2.  Debtor filed a petition for relief under Chapter 7 of the United States Bankruptcy Code in this Court on June 8, 2016.

3.  According to the records maintained by Movant, the Debtor was due for the November 1, 2010 mortgage payment and was due for all subsequent payments as of August 4, 2016.

4.  According to the 362 worksheet, the principal balance of the indebtedness was $2,999,589.17 as of the date of filing. A copy of the 362 worksheet is annexed hereto and made a part here of as Exhibit "C".

5.  Movant also seeks relief for any installment that becomes due and is unpaid on the return date of this Motion. The foregoing does not represent any accrued late charges, corporate advances, escrow advances and any amount which may be due for costs and attorney fees which may be allowed by the Court.

6.  According to the Debtor's Statement of Intentions, the Debtor intends to surrender the Property.

7.  According to Debtor's Schedule "A" the property is valued at $2,400,000.00 therefore, with Movant's liens and the cost of a foreclosure action, there is no equity in the real property for the bankruptcy estate.

8.  Movant may be required to advance the funds necessary to pay real property taxes or risk irreparable harm to its security interest as a result of Debtor's default.

9. By reason of the foregoing, Movant, its servicing agent, nominees, successors and/or assigns should be permitted to take all necessary action to adequately protect its security interest.

10. It is requested that, in the event that an Order Granting Relief from the Automatic Stay is granted, that such Order shall survive any conversion.

11. In the event of a foreclosure sale, the Chapter 7 Trustee will be notified of any surplus monies realized.

12. Movant specifically requests permission from the Honorable court to communicate with the Debtor and Debtor's attorney to the extent necessary to comply with applicable non-bankruptcy law.

13. No previous application has been made for the relief requested herein.

**WHEREFORE**, Movant requests that this Court enter an Order granting Movant, its servicing agent, nominees, successors and/or assigns relief from the automatic stay, together with Movant attorneys' fees and costs, and Movant be granted permission to communicate with the Debtor and Debtor's counsel to the extent necessary to comply with applicable non-bankruptcy law, and such other and further relief as the Court may deem just and proper.

DATED: October 24, 2016              **ROBERTSON ANSCHUTZ & SCHNEID**

                                     By: /s/Elizabeth Doyaga
                                         Elizabeth Doyaga, Esq.
                                         Attorneys for Movant
                                         6409 Congress Avenue, Suite 100
                                         Boca Raton, FL  33487
                                         516-241-9077
                                         erubino@rasflaw.com